IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES H. CROCKETT, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 7:17-CV-186 |
| | ) |
| v. | ) |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) By: Hon. Robert S. Ballou |
| | ) United States Magistrate Judge |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION[1]

In this Privacy Act case, the parties agree that the Department of Veterans Affairs ("VA") has produced all of the documents covered by Plaintiff James H. Crockett's ("Crockett") records request, and the only issue remaining is whether Crockett substantially prevailed, and thus, is entitled to attorneys' fees. Having reviewed the parties' cross-motions for summary judgment and heard oral argument, I **RECOMMEND DENYING** Crockett's Motion for Summary Judgment and request for attorneys' fees, **GRANTING** the VA's Motion for Summary Judgment, and dismissing the case from the court's docket.

### I.   FACTS[2]

Crockett applied for disability benefits with the VA in 2013, which claim was denied. Dkt. No. 28-1 at 2. He filed a "Notice of Disagreement" to administratively appeal the decision on March 1, 2015, and on March 12, 2015, filed a Freedom of Information Act Request with the

---

[1] This matter was referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See Dkt. No. 18.

[2] The facts are taken from the parties' motions for summary judgment and exhibits thereto, and are not in dispute.

1

VA for a copy of all documents in his Veteran's Benefits Management System ("VBMS") claim file. Id. The VA responded on April 11, 2015, by providing Crockett a disk that contained his VA disability application file. Id. at 2–3. Thereafter, Crockett submitted additional documents to the VA in support of his "Notice of Disagreement." Id. at 3.

On May 19, 2016, Crockett made a second request to the VA for a copy of his VBMS file. Dkt. No. 22-1 at 3. The VA Records Management Center stamped Crockett's second request "received" on May 24, 2016. Dkt. No. 22-1 at 3–4. On June 8, 2016, the VA Records Management Center sent Crockett a letter acknowledging his Privacy Act records request dated May 24, 2016. Dkt. No. 22-1 at 6. On March 1, 2017, Crockett wrote a letter to the VA in Roanoke, Virginia, and the VA's scanning vendor located in Janesville, Wisconsin, inquiring about his May 19, 2016 document request. Dkt. Nos. 28-1 at 3, 32-1. On March 16, 2017, the VA's scanning vendor in Janesville, Wisconsin, uploaded Crockett's additional documents into his VMBS file. Dkt. No. 22-1 at 1, 7.

On April 28, 2017, Crockett filed his complaint in this court, asking the court to compel production of the records. Dkt. No. 1. On May 2, 2017, Christy Nicklas with the U.S. Attorney's office emailed Katherine Austin with the VA Records Management Center, informing her of Crockett's complaint, attaching the Complaint, and asking for a litigation report. Dkt. No. 22-1 at 13. Ms. Nicklas received no response, and emailed Ms. Austin again on May 4, 2017, requesting a response to her May 2 email. Dkt. No. 22-1 at 12. On May 5, 2017, Records Management Center Customer Service Representative DeAndshia Payne downloaded the documents in Crockett's VBMS file on a CD and mailed the CD to Crockett. Dkt. No. 22-1 at 8–11. The May 5, 2017 letter from the Records Management Center Director accompanying the CD states that it is sending the documents "in response to [Crockett's] Privacy Act request dated May 24, 2016."

Dkt. No. 22-1 at 10. On May 8, 2017, Ms. Austin responded to Ms. Nicklas's emails, indicating that she had been out of the office the prior week and no longer worked for the Records Management Center. Dkt. No. 22-1 at 12, Dkt. No. 22-2 at 1. Ms. Austin copied the Records Management Center Acting Chief and Assistant Chief on the email to assist Ms. Nicklas. Id. The VA asserts that this was the Records Management Center's first notification of Crockett's lawsuit. Dkt. No. 22-1 at 2.

On August 1, 2017, Judge Dillon entered an order finding that the VA produced all of the documents covered by Crockett's records request and the only remaining issue is whether Crockett is entitled to attorneys' fees.

## II. ANALYSIS

Crockett's Complaint alleges a claim under the Privacy Act for failing to provide his VA disability claim file as required by law. The Privacy Act requires that federal agencies "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him… to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." 5 U.S.C. § 552a(d)(1). The Privacy Act allows the district court to "enjoin [an] agency from withholding the records and order the production to the complainant of any Agency records improperly withheld from him." 5 U.S.C. § 552a(g)(3)(A). The court may also "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed." 5 U.S.C. §552a(g)(3)(B).

Crockett must satisfy a two-part inquiry to recover attorneys' fees and costs under 5 U.S.C. § 552a(g)(1)(A) and (g)(1)(B). First, to be *eligible* for fees and costs, Crockett must have "substantially prevailed," and establish that his Privacy Act Complaint was reasonably necessary

3

*and* substantially caused the requested records to be released.[3] See 5 U.S.C. § 552a(g)(2)(B); see also Reinbold v. Evers, 187 F.3d 348, 362–63 (4th Cir. 1999). Second, once Crockett can show that he has substantially prevailed, and thus, is *eligible* for an attorney's fee award, he must then show that he is *entitled* to an award. Reinbold, 187 at 362. The court must evaluate four factors to decide whether a claimant is entitled to an award: (1) the benefit to the public, if any, derived from the case; (2) the benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law. Reinbold, at n. 16. The entitlement inquiry is only reached after Crockett proves that he substantially prevailed. Reinbold, at 363.

Whether a claimant has substantially prevailed is largely a question of causation. A claimant substantially prevails when the lawsuit results in the release of records that would not otherwise have been released. See Reinbold, at 363; Mullen v. U.S. Army Criminal Investigation Command, No. 1:10cv262, 2012 WL 2681300, at *7 (E.D. Va. July 6, 2012); Weisberg v. U. S. Dep't of Justice, 745 F.2d 1476, 1496 (D.C. Cir. 1984). It is the plaintiff's burden to show that the necessary causal nexus exists. Conservation Force v. Jewell, 160 F. Supp. 3d 194, 205 (D.C. Cir. 2016). "[T]he mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation." Weisberg, 745 F.2d at 1496.

Here, the parties agree that this matter is ripe for decision, and that the determinative issue is causation. Crockett asserts that his lawsuit caused the VA to produce his VBMS file because "the VA provided a copy of his VA claim file to him in response to his May 19, 2016

---

[3] To determine whether a plaintiff has substantially prevailed for purposes of obtaining attorneys' fees under the Privacy Act, the Fourth Circuit looks to the attorneys' fee analysis under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E). Reinbold v. Evers, 187 F.3d 348, 362 (4th Cir. 1999)(citing Gowan v. United States Dep't of Air Force, 148 F.3d 1182, 1194–95 (10th Cir.1998)).

4

request, when it had not done so for nearly an entire year prior to the filing of this case." [4] Dkt. No. 28 at 6. Crockett asserts that the "most plausible inference to be drawn from the evidence is that the VA responded to Crockett's May 19, 2016 FOIA request because he filed this FOIA action." Id. Crockett's argument relies purely upon the timing of the document production—that the VA provided the documents seven days after his complaint was filed. Id. The government's evidence disputes that inference, and reflects that the VA responded to Crockett's document request before it was aware of his lawsuit.

Specifically, the VA asserts that the Records Management Department was not aware of this case when it sent Crockett his records on May 5, 2017; but first learned about Crockett's Complaint on May 8, 2017. The VA asserts that its response to the records request was in the normal course of business after the documents were uploaded by the VA's scanning vendor in Wisconsin in March 2017, and the Complaint played "no role in the document production made on May 5, 2017." Dkt. No. 22 at 3. Richard Ivy, Acting Chief of the Customer Service Division of the VA Records Management Center, executed an affidavit on September 27, 2017, stating:

> At no time prior to the production of information on May 5th was the R[ecords] M[anagement] C[enter] aware of Mr. Crockett's Complaint. As we were not aware of the aforesaid Complaint until May 8th, Mr. Crockett's Complaint played no part in the May 5th records productions. Regardless, even if we were aware of the Complaint, which we were not, the Complaint would have played no part in the production of Mr. Crockett's records.

Dkt. No. 22-1 at 2.

Crockett bears the burden of proof that his claim was reasonably necessary and substantially caused the requested records to be released, and he cannot satisfy that burden. See

---

[4] Crockett also asserts that his eventual award of VA disability benefits would not have occurred without this lawsuit, because the attention focused on this case caused the VA to act on his disability application. Dkt. No. 28-1 at 5. There is no indication in the record that Crockett's Complaint in this matter had any bearing on the VA's disability benefits decision.

5

Conservation Force, 160 F. Supp. 3d at 202; ("Ultimately, it is the plaintiff's burden to show that the catalyst pathway applies; if nothing else, this at least means that equipoise on the question of causation will not do.") (internal citations omitted); Am. Bird Conservancy, U.S. Fish and Wildlife Serv., 110 F. Supp. 3d 655, 665 (E.D. Va. 2015).  A claimant cannot rely solely upon temporal proximity to establish causation.  "[T]he mere filing of a claim under the Privacy Act in federal district court and subsequent compliance by an agency does not mean that the plaintiff substantially prevailed."  Reinbold, at 363 (citing Maynard v. C.I.A., 986 F.2d 547, 568 (1st Cir. 1993).  "While it is clear that a court order compelling disclosure is not a prerequisite for an award, it is also clear that complainant cannot simply rely on the maxim *post hoc, ergo propter hoc* to justify his award." Virginia Transformer Corp. v. U.S. Dept. of Energy, 628 F. Supp. 944, 948 (W.D. Va. 1996) (internal citations omitted).  "At bottom, then, the question is whether hard evidence—beyond temporal proximity—supports the inference that the plaintiff's lawsuit caused the document release or other requested relief." Conservation Force, 160 F. Supp. 3d at 206; see also Public Law Educ. Inst. v. U.S. Dep't of Justice, 744 F.2d 181, 184 (D.C. Cir. 1984) ("[Plaintiff] invites us to infer causality from the timing of the release of the documents ... Such an inference, however, would be contrary to the law of this Circuit.); Mullen, 2012 WL 2681300, at *7 (same).

Crockett presents no evidence, aside from the timing of the records production, that his lawsuit caused the VA to produce his documents.[5]  In Reinbold, the plaintiff similarly alleged that his claim under the Privacy Act was the catalyst that caused the NSA to release his records

---

[5] At the hearing on this matter, Crockett asserted that he presented circumstantial evidence suggesting that his Complaint caused the VA to produce his records, and that the VA has the burden to disprove his circumstantial evidence.  However, case law reflects that the claimant bears the burden of proof that his claim caused the records to be produced; and further, that circumstantial evidence consisting simply of timing, is insufficient. See Reinbold, 187 F.3d. at 363; Conservation Force, 160 F. Supp. 3d at 202.

after his lawsuit was filed, and that, therefore, he "substantially prevailed," entitling him to attorneys' fees. 187 F.3d at 362. The court disagreed, finding no evidence that Reinbold's Privacy Act claim resulted in the release of his records which would not otherwise have been released. Id. Likewise, Crockett has not produced evidence that his lawsuit was a catalyst for the VA's production of his records. Rather, the evidence presented by the VA demonstrates that the VA released Crockett's records a few days before it had notice of Crockett's lawsuit. Crockett's only challenge to that evidence is reliance simply upon the fact that the records were received seven days after the lawsuit was filed. Thus, Crockett is not eligible for attorneys' fees in this action.

Crockett argued at the hearing on this matter that the principals of equity should apply to allow an award of attorney's fees because he waited over a year to receive documents in response to his Privacy Act request. Crockett's delay in receiving his documents, while unfortunate, does not establish that he substantially prevailed in this action and does not entitle him to recover attorneys' fees under the Privacy Act. My conclusion that Crockett did not substantially prevail in this action is not an endorsement of the time it took the VA to produce records in response to Crockett's Privacy Act request. However, the facts reflect that it was Crockett's persistence in following up on his request, specifically his March 1, 2017 letter to the VA's Wisconsin scanning vendor, which prompted the VA to produce his records, not the Complaint filed by his attorney in this case.

Because Crockett is not eligible to recover attorneys' fees under the Privacy Act, the court need not address the second factor of the attorneys' fee analysis—whether Crockett is entitled to recover attorneys' fees under the four factor test. See Reinbold, 187 F.3d at 363 ("The second element of the inquiry—whether a party who has substantially prevailed is *entitled* to

7

recover attorneys' fees—is not reached unless and until Reinbold has proved he has substantially prevailed.").

At the hearing, Crockett argued that the court should not follow the four factor test endorsed by the Fourth Circuit in Reinbold, but should instead rely upon the holding in Blazy v. Tenent, 194 F.3d 90 (D.C. Cir. 1999), that the four factor test designed for FOIA cases does not suit Privacy Act claims. In Blazy v. Tenent, the court rejected judicial precedent construing attorneys' fee requests in Privacy Act cases under the FOIA factors, stating, "it would be illogical to evaluate [Privacy Act] requests for fees and litigation costs pursuant to tests designed to assess FOIA claims." Id. at 92. The Blazy court did not set forth an alternative test, but stated that courts should not "rigidly" rely upon the four factor test to analyze claims under the Privacy Act. Id. at 97. Notably, the Blazy court took no issue with reliance upon the attorneys' fee analysis in FOIA cases for purposes of determining whether a Privacy Act claimant substantially prevailed. In Blazy, the court found that the plaintiff substantially prevailed and was eligible for attorneys' fees, but did not provide sufficient documentation to support the fees sought.

This court is bound by Fourth Circuit precedent, and thus, will follow the four factor test set forth in Reinbold to determine entitlement to attorneys' fees in Privacy Act cases: 1) the benefit to the public, if any, derived from the case; 2) the benefit to the plaintiff; 3) the nature of the plaintiff's interest in the records sought; and 4) whether the government's withholding of the records had a reasonable basis in the law. However, because Crockett did not substantially prevail in this action, he is not eligible to recover attorneys' fees, and there is no need to determine whether Crockett is also entitled to recover attorneys' fees.

8

### III. RECOMMENDED DISPOSITION

Accordingly, I **RECOMMEND** entering an order **DENYING** Crockett's Motion for Summary Judgment and request for attorneys' fees (Dkt. No. 24), **GRANTING** the VA's Motion for Summary Judgment (Dkt. No. 21), and dismissing the case from the court's docket.

The clerk is directed to transmit the record in this case to the Honorable Elizabeth K. Dillon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by me, may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: January 18, 2018

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge