IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES H. CROCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:17-cv-00186 |
| ) | |
| DEPARTMENT OF VETERAN AFFAIRS, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff James Crockett filed this action against the Department of Veteran Affairs (VA), alleging that the VA failed to produce the records he requested from his VA disability claim file in violation of the Freedom of Information Act (FOIA). (Pl.'s Compl., Dkt. No. 1.) This court then found that, because the VA produced all requested records since the filing of the complaint, the only remaining issue was whether Crockett is entitled to attorneys' fees. The court thus directed the parties to submit cross-motions for summary judgment on this issue. (Order, Dkt. No. 18.)

Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Robert S. Ballou for a recommended disposition of the parties' cross-motions for summary judgment. (Dkt. Nos. 21, 24.) The VA argued that it was not liable for Crockett's attorneys' fees because Crockett is not entitled to or eligible for an award of attorneys' fees and costs. (Def.'s Mot. Summ. J., Dkt. No. 22.) Specifically, the VA contended that Crockett did not "substantially prevail" because he did not show that his complaint was "reasonably necessary and substantially caused" his records to be released—as required to be eligible for attorneys' fees and costs under FOIA claims—because it did not know about Crockett's lawsuit when it

produced his records. (*Id.* at 4.) The VA also argued that Crockett is not entitled to attorneys' fees and costs under the relevant factors, particularly because there is no public benefit to his lawsuit. (*Id.* at 5–6.)

In his motion, Crockett argued that he was eligible because "[t]he most plausible inference to be drawn from the evidence" is that the filing of this action caused the VA to produce his records seven days later. (Pl.'s Mot. Summ. J. 6, Dkt. No. 27.) In particular, he emphasizes that the U.S. Attorney's office had notified the VA about his lawsuit before it produced his records, the VA did not provide an explanation for its initial delay in fulfilling his request, the VA had fulfilled a similar request in the past in a shorter time, and the VA did not explain why the person handling Crockett's request was told to produce the records on that particular day. (*Id.* at 6–8.)

After holding a hearing on the cross-motions for summary judgment and considering the briefs, the magistrate judge filed a report and recommendation (report) on January 19, 2018. (R. & R., Dkt. No. 34.)

The report focused on whether Crockett had satisfied the first requirement of the relevant two-part inquiry: if he substantially prevailed and was thereby entitled to attorneys' fees and costs. To determine if Crockett substantially prevailed, the magistrate judge analyzed whether his complaint was reasonably necessary and substantially caused the records to be released. The magistrate judge concluded that Crockett failed to satisfy his burden of proof because his argument merely relied on the timing of the VA's fulfillment of his request occurring seven days after he filed his complaint. Finding that this alone fell short of establishing that his complaint was the impetus for the VA's production of records and that the evidence relied on by the VA refuted this inference, the magistrate judge determined that Crockett was not eligible for

attorneys' fees. (R. & R. 3–9.) As such, the report recommended that Crockett's motion for summary judgment be denied and the VA's motion for summary judgment be granted.

Crockett objected to the report's recommendation to grant the VA's motion for summary judgment. (Pl.'s Objs., Dkt. No. 35.) The court has reviewed the report and Crockett's objections. For the reasons set forth herein, the court will adopt the report in full.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R. & R. 1–3.)

II. DISCUSSION

**A.    Legal Standard**

Summary judgment is proper where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when a rational trier of fact, considering the evidence in the record as a whole, could find in favor of the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). "Summary judgment is appropriate only if taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, 'no material facts are disputed and the moving party is entitled to judgment as a matter of law.'" *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc) (quoting *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 899 (4th Cir. 2003)). Stated differently, summary judgment should be entered if the court finds, after a review of the record as a whole, that no reasonable jury could return a verdict for the non-moving party. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958–59 (4th Cir. 1996).

"When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits . . . [and] 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)). The party opposing the motion, however, "'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts'" showing a triable issue. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). Parties may point to such facts by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (citations omitted).

**B.      Standard of Review**

Under Rule 72(b)(2), a party may object to a magistrate judge's recommended disposition of a case within fourteen days of receiving the proposed findings and recommendations. *Accord* 28 U.S.C. § 636(b)(1)(C). The court must review de novo any part of the recommendation to which a party has properly objected, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C); *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Any part of the report to which a party has not objected is reviewed only for "clear error on the face of the record." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

C.   Analysis

When an agency fails to fulfill a request by an individual to "gain access to his record or to any information pertaining to him," the court may assess attorneys' fees and litigation costs incurred in a case in which the complainant has substantially prevailed. 5 U.S.C. § 552a(d)(1); § 552a(g)(1)(B); § 552a(g)(2)(B). The Fourth Circuit has applied the attorneys' fees analysis employed by other circuits for FOIA claims to similar Privacy Act claims in which the complainant alleges he substantially prevailed and is entitled to attorneys' fees. *See Reinbold v. Evers*, 187 F.3d 348, 362 (4th Cir. 1999). That analysis is appropriate for this FOIA claim.

A complainant has substantially prevailed if his lawsuit was "reasonably necessary *and* substantially caused the requested records to be released." *Reinbold*, 187 F.3d at 363. The complainant has the burden to prove the causal nexus between the initiation of litigation and the agency's release of the records. *Weisberg v. U.S. Dept' of Justice*, 745 F.2d 1476, 1496 (D.C. Cir. 1984). If causation is proven and a complainant has substantially prevailed, he is then eligible for fees and costs. *Reinbold*, 187 F.3d at 362.

Once a complainant is found to be eligible, the court will evaluate the following four factors to determine whether he is entitled to fees and costs: "(1) the benefit to the public, if any, derived from the case; (2) the benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law." *Id.* at 362 n.16.

1. **Crockett's speculation regarding the reason for the VA's production of documents is insufficient to establish causation and defeat the VA's motion for summary judgment.**

In his objections to the magistrate judge's report, Crockett argues that he presented evidence of a causal nexus between his lawsuit and the production of records, contrary to the

magistrate judge's finding. To support this assertion, Crockett lists the following: 1) in 2015, the VA had responded to a similar records request within one month; 2) the VA website listing the status of his request was not updated before April 28, 2017, when he filed his complaint; 3) someone named Melissa, who was referenced in the email from Christy Nicklas to Katherine Austin, allegedly worked at the VA General Counsel's Office and had notice of his lawsuit as of May 2; and 4) VA employee DeAndshia Payne was told for the first time on May 5, 2017—seven days after he filed his suit—to fulfill his request. (Pl.'s Objs. 10.) Contrary to the inferences Crockett attempts to draw from these facts, and regardless of whether the facts are analyzed on their own or taken together, these facts do not establish that his lawsuit caused the production of records. Crockett's assertions amount to nothing more than speculation, and "[m]ere speculation or the building of one inference upon another" does not create an issue of material fact sufficient to defeat a motion for summary judgment. *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

First, the fact that the VA had responded to a similar request in the past in one month but took longer to respond to Crockett's second request does not lend any credence to his argument that this must mean his lawsuit was the catalyst for the VA's action here. Simply because the VA had responded more quickly in the past does not mean that his lawsuit caused the VA's more delayed second response; in fact, Crockett does not demonstrate how this is relevant to the issue of causation. Further, Crockett speculates that because the online status of his request did not change prior to the filing of his lawsuit, the VA did not plan on producing his records and would not have produced them but for his lawsuit. However, Crockett does not explain how this fact shows causation. His argument relies on the online status as determinative of the VA's intention to produce his records, but he fails to acknowledge that there was still no update to the website

6

even after his lawsuit was filed. To rely on the website's lack of a status update prior to the lawsuit to show causation, Crockett must also show that there was a status update after filing. The mere absence of any change to the website before his lawsuit is inconsequential.

In addition, Crockett misrepresents the content of Nicklas's email to Austin to argue that the VA had notice of his lawsuit. He contends that the email, which references a woman named Melissa, supports the inference that:

> 'Melissa' at the VA had notice of Crockett's Privacy Act lawsuit no later than May 2, 2016, and, more likely than not, told someone else at the VA about the lawsuit or entered that fact into some sort of record-keeping system. It does not make sense that she would have been told of the lawsuit by the U.S. Attorney's office and did not tell anyone else at the VA that the lawsuit was pending.

(Pl.'s Objs. 11.) The email from which Crockett draws this inference states: "I understand Melissa sent you a copy of the Complaint but I am also attaching it for your information and review." (Austin Decl. 6, Dkt. No. 22-2.) However, the email does not indicate that "Melissa" actually works at the VA, that she did in fact send a copy of the complaint to Austin, or that Austin ever received the complaint from Melissa. Rather, there are many possible explanations about who Melissa is, where she works, and if she ever provided Austin with the complaint. Crockett does not provide any support for the inference he draws from this email outside of the single sentence on which he myopically focuses. In any event, Austin's undisputed testimony was that she was not aware of Crockett's complaint until May 8, 2017. Furthermore, according to the email, the U.S. Attorney's Office did not receive the complaint until May 1, 2017, and Austin was on leave from May 1–5 and did not see any emails regarding the complaint until her return on May 8, 2017. As such, Crockett has not met his burden to establish causation from this uncompelling inference.

Last, Crockett seems to assert that because VA employee DeAndshia Payne was first told by her supervisor, Tammi Bell, to fulfill his request on May 5, 2017—seven days after his complaint was filed and three days after he alleges "Melissa" at the VA had notice of the complaint—Bell was therefore "told by someone who had learned about Crockett's lawsuit, to fulfill Crockett's request." (Pl.'s Objs. 11.) As noted, Crockett has not presented any evidence to support his contention that Melissa worked at the VA or knew about his lawsuit. Further, Crockett does not prove any connection between his lawsuit and Bell assigning Payne to fulfill his request on May 5; any inference drawn to tie the two events together is pure speculation.

Crockett fails to establish causation with these speculative inferences. The court agrees with the magistrate judge that Crockett has not presented any evidence except for the timing of the record production to support his argument that his lawsuit caused the VA to produce his records. And the timing alone is not enough. Therefore, Crockett has not proven the causal nexus necessary to find him eligible for attorneys' fees and costs.

   **2. The absence of an explanation from the VA for the delay in production of records does not create a genuine issue of material fact or prove causation.**

Crockett also argues that the VA did not establish the absence of a genuine issue of material fact because it did not provide an explanation for why it did not respond to Crockett's request until after he filed his lawsuit. (Pl.'s Objs. 12.) Crockett seems to argue that the VA must provide an explanation *other than* the one it has provided: that it did not know about his lawsuit when it produced the requested records and responded in the normal course of business. The D.C. Circuit case on which Crockett relies notes both that the complainant must show a causal nexus and that "[t]he court must determine the cause of the delay." *Cox v. U.S. Dep't of Justice*, 601 F.2d 1, 6 (D.C. Cir. 1979). Crockett also notes that the Fourth Circuit in *Reinbold* acknowledged that the agency's delay in responding to a records request was due to a staffing

8

shortage.  *Reinbold*, 187 F.3d at 363.  Relying on these cases, Crockett seeks an explanation from the VA of an extrinsic factor that caused its delay in responding to his request.  Otherwise, Crockett contends, there is a genuine issue of material fact as to whether his lawsuit caused the production of his requested records.  (Pl.'s Objs. 12–13.)

The court has before it the following evidence supporting the VA's motion for summary judgment: 1) Katherine Austin's declaration that she was not aware of the complaint until May 8, 2017; 2) the letter accompanying Crockett's records stating that it was "in response to [his] Privacy Act request dated May 24, 2016"; and 3) Richard Ivy's declaration stating that the VA Records Management Center responded to his request "in the normal course of business" and was first notified of Crockett's lawsuit by Austin on May 8, 2017.  (Austin Decl. 1; Letter 10, Dkt. No. 22-1; Ivy Decl. 1–2, Dkt. No. 22-1.)  Crockett's argument that this evidence is insufficient and that the VA must provide a different explanation to show there is no genuine issue of material fact fails.  Under Federal Rule of Civil Procedure 56(c)(1), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence of presence of a genuine dispute."  Fed. R. Civ. P. 56(c)(1).  Although Crockett had the opportunity to conduct discovery as to the issue of attorneys' fees, he has not presented any evidence to refute the VA's assertion that it did not know of his lawsuit until after it produced his records, and he cannot argue from the materials in the record that there is a genuine issue of material fact.

The VA has provided sufficient evidence to show that there is no genuine issue of material fact that it did not know of Crockett's complaint when it fulfilled his request and did not do so because of his complaint.  The analysis in the magistrate judge's report shows that the VA

9

is entitled to summary judgment when viewing the evidence in the light most favorable to Crockett; this conclusion does not change when viewing the evidence in the light most favorable to the VA, which must be done when considering Crockett's motion for summary judgment. Therefore, the VA is entitled to judgment as a matter of law on its motion for summary judgment, and Crockett's motion for summary judgment is denied.

## III. CONCLUSION

For the foregoing reasons, the report will be adopted in full. The court will grant the VA's motion for summary judgment and deny Crockett's motion for summary judgment.

An appropriate order will be entered.

Entered: September 21, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge